IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-02369-ZLW-MJW

**MAGPIE TELECOM INSIDERS, INC.**, a Colorado corporation,

    Plaintiff,

v.

**MPHASE TECHNOLOGIES, INC.**, a New Jersey corporation,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

WHEREAS, the Parties to the above-referenced action (the "Action") could be prejudiced by the dissemination of certain confidential, sensitive, and proprietary information and trade secrets, as set forth herein; and

WHEREAS, this Proposed Order does not confer blanket protection on all disclosures and discovery responses, but instead affords protection only to the limited information or items that are entitled to confidential treatment under applicable legal principles;

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, Magpie Telecom Insiders, Inc., and Defendant mPhase Technologies, Inc. (each individually, a "Party" and collectively, the "Parties"), that this Stipulated Protective Order shall govern the handling of documents, responses to discovery requests, depositions, pleadings, exhibits, and all other information exchanged by the Parties (collectively the "Discovery Material") in the above-referenced action.

## Designation of Discovery Materials as "Confidential" or "Attorneys' Eyes Only"

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Protective Order because the Parties could be prejudiced by the dissemination of confidential, sensitive, and proprietary documents, information, and trade secrets.

2. The Parties shall have the right to designate as "CONFIDENTIAL" and subject to this Stipulated Protective Order any information or Discovery Material produced by a Party that the Party believes, in good faith, contains trade secrets or other confidential technical, business, financial, or personal information that is not generally known and that the Party would not normally reveal to third parties or would cause third parties to maintain in confidence.

3. The Parties shall have the right to designate as "ATTORNEYS' EYES ONLY" subject to this Stipulated Protective Order any information or Discovery Material produced by a Party that the Party believes, in good faith, comprises such particularly sensitive information that its disclosure should be further limited as set forth herein.

4. The designation of information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made by stamping or otherwise labeling each page of the document containing such information with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to its production, or by any other method agreed to in writing by counsel for the Parties.

5. In the case of information or Discovery Material produced by third parties, any Party hereto shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the event such information or Discovery Material contains confidential information of the designating Party. The Party shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying the other Party of such designation either prior to or within twenty (20) days after the production of such Materials by the third party. All Parties hereto shall thereafter treat such materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with notice of designation. All third-party productions shall be treated as "CONFIDENTIAL" until the expiration of this 20-day period unless a different period of time is agreed to between the parties.

6. Any notes, summaries, compilations or copies containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or electronic images or databases containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images or databases is made or derived.

7. Inadvertent failure to designate any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At the time, arrangements shall be made for return of

all copies of the inadvertently mis-designated material to the designating Party and for the submission, where appropriate, of properly labeled copies.

8. This Protective Order is not intended to prohibit the use or admissibility of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information upon trial of this case. Issues involving the protection of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information during trial will be presented to the Court prior to or during trial as each Party deems appropriate.

9. With respect to all information and Discovery Material provided for inspection by a Party's counsel, designation by stamping or labeling as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" need not be made until copies of the information or Discovery Material are requested after inspection and selection by counsel. Making documents or any other information or Discovery Material available for inspection shall not constitute a waiver of any claim of confidentiality, and all information and Discovery Material provided for inspection by a Party's counsel shall be treated as though designated as "ATTORNEYS' EYES ONLY" at the time of the inspection.

### Limitation on Use of Designated Information

10. Each Party and all persons bound by the terms of this Stipulated Protective Order shall use any information or Discovery Material governed by this Stipulated Protective Order only for the purpose of the prosecution or defense of the claims asserted in this action. No Party or other person shall use, disclose, or release any information or Discovery Material governed by this Stipulated Protective Order for any purpose other than the prosecution or defense of said claims. It is, however, understood that counsel for a Party may give advice and opinions to his/her client based on his/her evaluation of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The attorneys of record for the Parties and other persons receiving information governed by this Stipulated Protective Order shall take

all reasonable steps to ensure that the information and Discovery Material governed by this Stipulated Protective Order are (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons. Nothing herein shall be construed to limit in any way any Party's use of its own confidential information.

**Restrictions on Disclosure of Materials Designated "Confidential"**

11. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

(a) the Parties and their parents and subsidiaries, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(b) the Parties' attorneys of record in this Action, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(c) in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(d) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(e) employees of outside copying, printing, binding, or computer input services;

(f) persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this Action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(g) deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Discovery Material(s) designated "CONFIDENTIAL" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material(s); and

(h) such other persons as the Parties may agree or may be ordered by the Court.

**Restrictions on Disclosure of Discovery Designated "Attorneys' Eyes Only"**

12. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "ATTORNEYS' EYES ONLY" shall not be disclosed or discussed with any person except:

(a) the Parties' attorneys of record in this Action, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(b) in-house counsel to the Parties, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(c) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(d) employees of outside copying, printing, binding, or computer input services;

(e) persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this Action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(f) deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Discovery Material(s) designated "ATTORNEYS' EYES ONLY" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material(s); and

(g) such other persons as the Parties may agree or may be ordered by the Court.

**Certification of Persons to Whom Discovery Materials are Disclosed**

13. Prior to disclosure of any Discovery Materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person described in paragraphs 11(f)-(h) or 12(e)-(g) hereof, such person shall be given a copy of this Stipulated Protective Order and shall sign a Disclosure Agreement agreeing to be bound by the terms of this Stipulated Protective Order and agreeing to be subject to the jurisdiction of this Court for purposes of any enforcement or contempt proceedings. A form of the Disclosure Agreement is is attached hereto as Exhibit A. Such signed and completed Disclosure Agreement shall be retained by the attorneys of record for the disclosing Party so long as the Party retains the relevant underlying documents.

**Designation of Deposition Transcripts**

14. Deposition transcripts, or portions thereof, may be designated as subject to this Stipulated Protective Order either (i) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the reporter, as the designating Party may direct; or (ii) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record for the Parties, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or

under their control as directed by the designating Party. All deposition transcripts shall be treated as "CONFIDENTIAL" until the expiration of this 14-day period unless a different period of time is agreed to between the parties.

### Disclosure of Discovery Materials Designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the Court

15. If a Party intends to submit any Discovery Materials to the Court for consideration in relation to a motion, and those Discovery Materials have been designated by any other Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the Party filing the motion shall notify the designating Party of that intent at least 24 hours prior to filing. The designating Party shall either: (a) agree that the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is waived for the relevant Discovery Material; or (b) state that the Discovery Material must be filed under seal, and promptly provide (within 24 hours or less) the filing Party with reasons that satisfy D.C.Colo.LCivR 7.2(B)(1–4), in adherence with the requirement in D.C.Colo.LCivR 7.2(B) that "[a]n attorney or pro se party should not attempt to seal a pleading, motion or any supporting material unless he or she is satisfied (consistent with Fed.R.Civ.P. 11) that he or she can demonstrate compelling reasons for an order to seal." If the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is waived for any Discovery Material pursuant to option (a), then that designation is waived for all future filings and purposes. If the designating Party chooses option (b) stating that the Discovery Material should be filed under seal, the designating Party must also notify the filing Party of the particular portions of the Discovery Material that are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" versus the portions that are not. Concurrent with the lodging of such documents under seal, the Party so lodging shall also file a motion seeking permission to file the documents under seal and a proposed order. Concurrent with the lodging of the unredacted documents, the lodging Party shall also file a redacted version of any document that is lodged under seal.

### Disclosure to Author or Recipient

16. Notwithstanding any other provisions of this Stipulated Protective Order, nothing herein shall prohibit counsel for a Party from disclosing information or Discovery Material to any person whom the particular item of information or Discovery Material clearly identifies as an author, addressee, or copy recipient of the particular item of Discovery Material; and, regardless of designation pursuant to this Stipulated Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulated Protective Order.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

17. If a receiving Party receives a subpoena or other compulsory process commanding the production of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party shall promptly notify the designating Party. The Party receiving the subpoena or compulsory process shall not produce any such information or Discovery Material in response to the subpoena without the prior written consent of the designating Party, unless in response to an order of a court of competent jurisdiction. The Party receiving the subpoena or other compulsory process shall not object to the designating Party having a reasonable opportunity to appear in the litigation or process seeking disclosure of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," for the sole purpose of seeking to prevent or restrict disclosure thereof.

### Additional Protections

18.     This Stipulated Protective Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other Discovery Material as they may consider appropriate.

### Challenge to Confidentiality Designation

19.     This Stipulated Protective Order shall not preclude any Party from (i) claiming that any matter designated hereunder is not entitled to the protections of this Stipulated Protective Order; (ii) applying to the Court for an order permitting the disclosure or use of information or Discovery Material otherwise prohibited by this Stipulated Protective Order; or (iii) applying for an order modifying this Stipulated Protective Order in any respect.

20.     No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

### Prior Public Knowledge

21.     This Stipulated Protective Order shall not apply to any information or Discovery Material that, prior to disclosure, is public information or knowledge, and the restrictions contained in this Stipulated Protective Order shall not apply to information and Discovery Material that are, or after disclosure become, public knowledge other than by an act or omission of the Party or others subject to this Stipulated Protective Order to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Stipulated Protective Order.

### Return of Designated Information

22.     Upon final disposition or resolution of this Action, upon written request by a designating Party within sixty (60) days after such final disposition or resolution, each Party shall either (i) assemble and return all information and Discovery Material designated

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including all copies, to the Party from whom the designated material was obtained or (ii) destroy all such information and Discovery Materials, at the option of the Party in possession thereof.

23. Notwithstanding the foregoing, outside counsel of record for each Party may retain for its archives (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits and other papers filed in this Action; (ii) one set of transcripts of all testimony taken at any depositions, hearings or trial (with exhibits); and (iii) all of its own work product generated in connection with this Action.

24. Any such materials that are not returned or destroyed shall remain subject to this Stipulated Protective Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated — until Termination of This case. *MJV 2-21-08*

### Modification, Waiver or Termination of Stipulation and Order

25. No part of the restrictions imposed by this Stipulated Protective Order may be modified, waived, or terminated, except by the written stipulation executed by counsel of record for each Party, or by an Order of the Court for good cause shown.

### Third Party Discovery

26. Discovery obtained from any third party in response to any subpoena shall be protected in accordance with this Stipulated Protective Order if such third party requests such protection and complies with the provisions hereof.

### Termination

27. The obligations of this Protective Order shall survive the termination of this case and shall continue to restrict the disclosure and use of discovery material designated as Confidential Information by the Parties, their counsel, and all persons who signed a Confidentiality Agreement. Following termination of this case, the Court will retain jurisdiction to enforce the terms of this Protective Order — until Termination of This case. *MJV 2-21-08*

**Headings**

28.     The headings in this Stipulated Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Stipulated Order.

**IT IS SO ORDERED:**

DATED: February 21, 2008

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-02369-ZLW-MJW

**MAGPIE TELECOM INSIDERS, INC.**, a Colorado corporation,

    Plaintiff,

v.

**MPHASE TECHNOLOGIES, INC.**, a New Jersey corporation,

    Defendant.

---

## DISCLOSURE AGREEMENT

I, _____, am employed by _____. In connection with this action, I am:

\_\_\_\_ a person who has been retained by any Party (or by its attorneys of record) for the purpose of assisting in this Action as outside consultants or experts,

\_\_\_\_ a deposition witness,

\_\_\_\_ other person (as the Parties have agreed to or Ordered by the Court).

I have read, understand and agree to comply with and be bound by the terms of the Stipulated Protective Order in the matter of *Magpie Telecom Insiders, Inc. v. mPhase Technologies, Inc.*, Civil Action No. 07-cv-02369-ZLW-MJW, in the United States District Court for the District of Colorado.

I further state that the Stipulated Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any discovery materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Stipulated Protective Order. To the extent I have been given access to discovery materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Stipulated Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing discovery materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Stipulated Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

_____          Date: _____
Signed by Recipient


_____
Name (printed)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-02369-ZLW-MJW

**MAGPIE TELECOM INSIDERS, INC.**, a Colorado corporation,

    Plaintiff,

v.

**MPHASE TECHNOLOGIES, INC.**, a New Jersey corporation,

    Defendant.

---

**DISCLOSURE AGREEMENT**

---

I, _____, am employed by _____. In connection with this action, I am:

\_\_\_\_ a person who has been retained by any Party (or by its attorneys of record) for the purpose of assisting in this Action as outside consultants or experts,

\_\_\_\_ a deposition witness,

\_\_\_\_ other person (as the Parties have agreed to or Ordered by the Court).

I have read, understand and agree to comply with and be bound by the terms of the Stipulated Protective Order in the matter of *Magpie Telecom Insiders, Inc. v. mPhase Technologies, Inc.*, Civil Action No. 07-cv-02369-ZLW-MJW, in the United States District Court for the District of Colorado.

I further state that the Stipulated Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any discovery materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Stipulated Protective Order. To the extent I have been given access to discovery materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Stipulated Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing discovery materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Stipulated Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

_____        Date: _____
Signed by Recipient

_____
Name (printed)