IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 07-cv-02369-ZLW-MJW

MAGPIE TELECOM INSIDERS INC.,

Plaintiff(s),

v.

MPHASE TECHNOLOGIES, INC.,

Defendant(s).

---

ORDER REGARDING
(1) DEFENDANT'S MOTION TO COMPEL THE DEPOSITION OF JAMES
SAWTELLE, (DOCKET NO. 30)
(2) PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT'S EXPERT,
OR IN THE ALTERNATIVE, TO EXCLUDE AS WITNESS,
(DOCKET NO. 32)
AND
(3) PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (DOCKET NO. 52)

---

This matter is before the court for oral argument on October 8, 2008 on: (1) Defendant's Motion to Compel the Deposition of James Sawtelle (docket no. 30); (2) Plaintiff's Motion to Compel Deposition of Defendant's Expert, or in the Alternative, to Exclude as Witness (docket no. 32); and, (3) Plaintiff's Motion for Leave to File Sur-reply (docket no. 52). The court has considered and reviewed these motions, the responses (docket nos. 37, and 42 and 54) and replies (docket nos. 41 and 49). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully

1

informed makes the following findings of fact, conclusions of law and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That good cause has been demonstrated to allow for a sur-reply and therefore Plaintiff's Motion for Leave to File Sur-reply (docket no. 52) should be granted;

5. That Plaintiff Magpie Telecom Insiders, Inc. ("Plaintiff") has brought claims in the Complaint for breach of contract, promissory estoppel, and unjust enrichment and seeks money damages on such claims for services performed and products delivered;

6. That in the subject motion (docket no. 30), Defendant seeks to depose one of Plaintiff's current attorneys, James Sawtelle;

7. That Defendant argues that Mr. Sawtelle has non-privileged information that is material and relevant to the following issues, as framed in the Complaint and Counterclaims and per Fed. R. Civ. P. 26(b)(1): Those issues are:

    a. whether and when a written and/or verbal payment plan was

reached and who was involved;

b. whether stock was issued to Plaintiff in accordance with the plan and then sold by Plaintiff contrary to it;

c. whether Defendant "guaranteed" any stock price or whether Plaintiff assumed the risk associated with a fluctuating stock price;

d. whether those stock sales or attempted sales were illegal and/or amounted to breaches of contract as alleged in the counterclaims; and,

e. whether the allegations in the complaint specifically at paragraphs 18-20, 23 and 32 are credible, accurate and/or proper;

8. That it is well established that the deposition of opposing counsel should be limited to circumstances where the party seeking to take the deposition has shown that: (1) no means exist to obtain the information other than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and, (3) the information is crucial to the preparation of the case. Thiessen v. General Capital Corp., 267 F.3d 1095, 1112 (10th Cir. 2001)(citing Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986));

9. That attorney James Sawtelle did not become involved in this case

until October 7, 2007, well after the time frame that is involved in the lawsuit;

10. That Mr. Sawtelle has not been endorsed as a fact witness for Plaintiff;

11. That Defendant does not have a counterclaim for insider trading against Plaintiff;

12. That Defendant has failed to demonstrate that any information that Mr. Sawtelle could offer by way of deposition would be relevant and non-privileged; and, that such information is crucial to the preparation of the case;

13. That the deposition of Defendant's expert witness, Suren Lalapet, did not taken place until after the subject motion (docket no. 32) was filed;

14. That on June 27, 2008, Defendant supplemented its expert disclosures, naming for the first time in this case, Suren Lalapet as a designated expert;

15. That shortly after such designation of Suren Lalapet as Defendant's expert, Plaintiff sought the deposition of Suren Lalapet and contacted Defendant's counsel for dates to take Mr. Lalapet's deposition. Defendant wanted to take the deposition of Mr. Lalapet in early July 2008, noting that the deadline to complete discovery was August 29, 2008;

16. That during Mr. Lalapet's deposition, Mr. Lalapet testified that

contrary to the representations made by Defendant's counsel that Defendant had been unable to locate Mr. Lalapet - - Mr. Lalapet has lived in Dallas for 25 years. *See* Lalapet Depo. At 20:17-20. Moreover, that Mr. Lalapet never had any intentions of permanently moving back to India. *Id.* at 51:7-10. Nor had he indicated to Defendant that he was permanently leaving this country, which is now his permanent home. *Id.* at 51:1-16. Additionally, Mr. Lalapet testified that he was reachable by e-mail and voice mail while he was in India, and was, in fact, contacted by Defendant's in-house counsel, Martin Smiley, via e-mail. *Id* 50:18 - 52:12.;

17. That Mr. Lalapet further testified that Defendant did not even ask him about his availability until two or three weeks before his deposition (i.e. early September 2008, **after** discovery cut-off and **after** the Plaintiff filed its subject motion (docket no. 32); and,

18. That based upon the testimony of Defendant's own expert, Mr. Lalapet, this court finds that Defendant needlessly and without justification delayed making its designated expert, Mr. Lalapet, available for deposition, which forced Plaintiff to have to file the subject motion (docket no. 32).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion to Compel the Deposition of James Sawtelle (docket no. 30) is **DENIED** and each party shall pay their own attorney fees and costs for this motion (docket no. 30);

2. That Plaintiff's Motion to Compel Deposition of Defendant's Expert, or in the Alternative, to Exclude as Witness (docket no. 32) is **GRANTED IN PART AND DENIED IN PART AND MOOT IN PART** and Defendant shall pay to Plaintiff reasonable and necessary attorney fees and costs for having to file this motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). In particular, the motion is **GRANTED** insofar as the request for attorney fees and costs. The motion is **DENIED** insofar as the request to exclude (i.e. strike) Suren Lalapet as a witness. The motion is **MOOT** as to the taking of Suren Lalapet's deposition since Mr. Lalapet has now been deposed;

3. That the parties shall meet and confer forthwith and discuss a stipulated amount of attorney fees and costs for the subject motion (docket no. 32) above. If the parties can agree on a stipulated amount of attorney fees and costs, then the parties shall jointly file such written stipulation with the court. If the parties cannot agree,

then Plaintiff shall have up to and including October 24, 2008, to file its itemized affidavit for attorney fees and costs.  The Defendant shall have up to and including November 7, 2008, to file any response to Plaintiff's itemized affidavit for attorney fees and costs. If a response is filed, then Plaintiff shall have up to and including November 17, 2008, to file any reply to the response; and,

4. Plaintiff's Motion for Leave to File Sur-reply (docket no. 52) is **GRANTED** and each party shall pay their own attorney fees and costs for this motion (docket no. 52)

Done this 10th day of October, 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE