IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-02369-ZLW-MJW

MAGPIE TELECOM INSIDERS, INC., a Colorado corporation,

    Plaintiff,

v.

MPHASE TECHNOLOGIES, INC., a New Jersey corporation,

    Defendant.

## ORDER

The matter before the Court is Plaintiff's Motion For Leave To Amend Complaint And Jury Demand. Plaintiff's motion asserts that under paragraph eleven of the parties' Software Development Agreement (SDA),[1] Plaintiff is entitled to recover attorney's fees from Defendant if Plaintiff is able to prove that Defendant's alleged failure to perform its obligations under the SDA was "grossly negligent or willful."[2] Plaintiff's Complaint And Jury Demand (Complaint) does request, among other relief, an award of "attorneys fees if applicable under law,"[3] but it does not cite to paragraph eleven of the SDA or allege that the breach of contract was "grossly negligent or willful." Plaintiff wishes to amend its pleading to so allege.

---

[1] Complaint And Jury Demand (Doc. No. 1), Ex. A at 5.

[2] See id.

[3] Id. at 7.

Federal Rule of Civil Procedure 9(g) requires that "[i]f an item of special damage is claimed, it must be specifically stated" in the complaint. An award of attorney's fees pursuant to contract appears to be such an "item of special damage."[4] However, again, Plaintiff did expressly request an award of attorney's fees in the Complaint.[5] Neither party has cited, and the Court has not located, any controlling case law requiring that the complaint specify that the attorney's fee award request is based on contract, that it identify the specific contractual attorney's fee clause at issue, or that it include specific allegations addressing any particular conditions for recovery of fees under that clause. The Court concludes that Plaintiff's Complaint as it stands includes a legally sufficient request for attorney's fees under the parties' SDA. Of course, Plaintiff will need to prove "grossly negligent or willful" breach in order to recover any attorney's fees after trial.

Accordingly, it is

ORDERED that Plaintiff's Motion For Leave To Amend Complaint And Jury Demand (Doc. No. 58) is denied as moot.

DATED at Denver, Colorado this 24th day of November, 2008.

BY THE COURT:

*Zita L. Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[4] See Tipton v. Mill Creek Gravel, Inc., 373 F.3d 914, 923 n. 10 (8th Cir. 2004); Atchison Casting Corp. v. Dofasco, Inc., 1995 WL 655183, *5 (D. Kan. Oct. 24, 1995).

[5] See Complaint And Jury Demand (Doc. No. 1) at 7.