IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02369-ZLW-MJW

MAGPIE TELECOM INSIDERS INC.,

Plaintiff,

v.

MPHASE TECHNOLOGIES, INC.,

Defendant.

---

**ORDER REGARDING ATTORNEY FEES AND COSTS**
**(DOCKET NO. 60)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for consideration of the amount of attorney fees and costs that Defendant Mphase Technologies, Inc., shall pay to Plaintiff Magpie Telecom Insiders, Inc., per this court's Order Regarding: (1) Defendant's Motion to Compel the Deposition of James Sawtelle (docket no. 30), (2) Plaintiff's Motion to Compel Deposition of Defendant's Expert or in the Alternative, to Exclude as Witness (docket no. 32), and (3) Plaintiff's Motion for Leave to File Sur-Reply (docket no. 52) dated October 10, 2008 (docket no. 60). The parties were unable to stipulate to an amount of attorney fees and costs. The court has now considered the Plaintiff's Itemized Affidavit for Attorneys' Fees (docket no. 76), the Response to Plaintiff's Itemized Affidavit for Attorneys' Fees (docket no. 80), and the Reply in Support of Plaintiff's Itemized Affidavit for Attorneys' fees (docket no. 96). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of

Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the benchmark for an award of attorney's fees under nearly all of the federal statutes authorizing an award of attorney's fees is that the amount of the fees awarded be reasonable. Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996); and

5. That in this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989). Taking these factors into consideration, this court finds that the hourly rates charged and the

time spent by Plaintiff's attorneys and paralegals are fair and reasonable hourly rates for attorneys and paralegals practicing law in Denver, Colorado. Moreover, the court finds that the sum of $6,606.50 in attorney's fees is fair, reasonable, and necessary in prosecuting Plaintiff's Motion to Compel Deposition of Defendant's Expert or in the Alternative, to Exclude as Witness (docket no. 32) contained in this court's Order Awarding Attorneys' fees and costs (docket no. 60).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, it is hereby

**ORDERED** that Defendant shall pay to Plaintiff the sum of $ $6,606.50 in attorney fees on or before January 30, 2009.

Done this 14th day of January, 2009.

                                                    BY THE COURT

                                                    s/ Michael J. Watanabe
                                                    Michael J. Watanabe
                                                    U.S. Magistrate Judge